No. 20,324.

THE STATE OF KANSAS, ex rel. H. O. CASTER, as Attorney for
the Public Utilities Commission of the State of Kansas,
et al., *Plaintiff*, v. THOMAS J. FLANNELLY, as Judge of the
District Court of Montgomery County, and JOHN M. LAN-
DON et al., as Receivers of the Kansas Natural Gas Com-
pany, *Defendants.*

### SYLLABUS BY THE COURT.

1. ORIGINAL PROCEEDING IN MANDAMUS — *Not Removable to Federal
Court.* An original proceeding in mandamus is not removable from a
state to a federal court for the reason that it is not a civil action
within the meaning of the removal acts of congress. (Part 1, 36
U. S. Stat. at Large, ch. 231, § 28, 1 U. S. Compiled Stat. 1913,
§ 1010.)

2. SAME—*Ancillary and Supplemental Suit—Not Removable to Federal
Court.* A suit which is ancillary and supplemental to one previously
brought in a state court, and which is so connected with the original
suit as to form an incident thereto, and to be substantially a continua-
tion thereof, can not be removed into a district court of the United
States unless the original suit has been previously or may be simul-
taneously removed.

3. EFFICIENT SERVICE BY PUBLIC UTILITY—*Duty of Public Utilities Com-
mission—When Mandamus Will Not Lie.* The public utilities act
makes it the duty of the public utilities commission to require a public
utility to render efficient service and provides the machinery for an
investigation by the commission into all questions affecting the char-
acter and sufficiency of such service. This court will not entertain a
proceeding in mandamus to compel a public utility to furnish efficient
and sufficient service until the public utilities commission has made an
order requiring the defendant to furnish more efficient service which
the defendant has refused to obey.

4. MANDAMUS—*When Useless Will Not Issue.* Mandamus being a dis-
cretionary writ, the court will refuse to issue the writ where it would
be useless or futile and of no public benefit.

5. SAME—*Material Issues Fully Determined—Proceeding Dismissed—
Injunction Denied.* In an original proceeding in mandamus a supple-
mental petition was filed asking the court to enjoin the defendants
from prosecuting an action begun in a federal court, the plaintiff
claiming that the jurisdiction of this court in the original proceeding
was thereby interfered with. Upon a consideration of the issues
raised by the pleadings, the court finds that nothing substantial re-
mains to be determined in the original or supplemental proceeding,
and the injunction is therefore denied and the proceeding in man-
damus dismissed.

53—96 KAN.

Original proceeding in mandamus. Opinion filed January 18, 1916. Writ denied and case dismissed. (For former opinion, see *ante*, p. 372, 152 Pac. 22.)

*H. O. Caster,* of Oberlin, *A. E. Helm,* of Wichita, and *Fred S. Jackson,* of Topeka, for the plaintiff.

*Robert Stone,* *George T. McDermott,* both of Topeka, *John H. Atwood,* of Kansas City, Mo., and *Chester I. Long,* of Wichita, for the defendants.

The opinion of the court was delivered by

PORTER, J.: This is an original proceeding in mandamus. It was brought August 17, 1915, by the public utilities commission, as plaintiff, against Thomas J. Flannelly, judge of the district court of Montgomery county, and the receivers of the Kansas Natural Gas Company, appointed by him. The main purpose of the proceeding was to vacate a restraining order issued by the district judge against the utilities commission affecting the rates to be charged for gas furnished by the receivers to the public. The receivers filed an answer, which, in addition to other defenses, alleged that on July 16, 1915, the utilities commission had made a ruling denying their appplication for an order fixing a reasonable rate to be charged for gas supplied to their customers and that the old rate was unreasonable and confiscatory. On October 4, 1915, a decision was rendered (*The State, ex rel., v. Flannelly,* ante, p. 372, 152 Pac. 22) in which it was held that the district court of Montgomery county obtained no jurisdiction over the commission and that its orders restraining the commission from enforcing a rate should be vacated and set aside. The court at that time also held that the receivers of the gas company are under the control of the utilities commission; that the commission has the exclusive power to fix the rates to be charged for the service rendered by the gas company while it is being operated by the receivers; that the receivers are not engaged in interstate commerce, at least that kind of interstate commerce which takes the business from the control of the state. It was held, however, that no writ of mandamus should issue, for two reasons—*first,* because the public utilities commission had not

The State, *ex rel.*, v. Flannelly.

in fact made a final order establishing a rate to be charged for gas; *second,* because the old rate of twenty-five cents was shown by the findings of the utilities commission itself to be unreasonable and confiscatory. In the opinion it was held that the court would retain jurisdiction of the cause as to the defendant receivers "for such orders and judgments as may be hereafter made." (Ante, p. 387.)

Thereafter the public utilities commission granted the receivers a rehearing of their application to fix a reasonable rate, and on December 10, 1915, the commission issued a final order establishing a rate of twenty-eight cents. The receivers accepted this rate under protest, and on December 28, 1915, filed with the utilities commission a schedule of rates and rules in accordance with the order of December 10, and since the filing of the schedule the receivers have been charging the rate thus established. On the 29th of December, 1915, the receivers filed a suit in the United States district court for the district of Kansas against the public utilities commission, seeking to enjoin the enforcement of the order of December 10, alleging, in substance, that the receivers are engaged in buying gas in the state of Oklahoma and in transporting it through pipe lines into and through the state of Kansas and into the state of Missouri, and in producing gas in the state of Kansas; that the gas taken in Oklahoma is commingled with the gas produced in Kansas and distributed from the pipe lines to customers in both Kansas and Missouri, and that in so doing the receivers are engaged in interstate commerce; that the public utilities commission of the state of Kansas has no jurisdiction to fix the rates and rules for the sale of gas by the receivers to their customers in Kansas; and further alleging that the order of the commission of December 10 is unlawful for the reason that the rates fixed are unreasonable and confiscatory.

On January 3, 1916, the public utilities commission presented an application in the original proceeding in mandamus, asking the court for an injunction order restraining the receivers from further prosecuting the suit begun in the federal court. A temporary restraining order issued, and the application for a temporary injunction was set down for hearing. In the meantime, on January 7, 1916, the receivers of the gas

company filed their petition for removal of the cause to the United States district court for the district of Kansas.

The first question before the court at this time is the application of defendants for removal, which has been contested by the plaintiff. The petition for removal renews again the contention of the receivers that they are engaged in interstate commerce, and alleges that the order of December 10, 1915, established an unremunerative and confiscatory rate, which imposes a burden upon the interstate commerce conducted by them.

It will not be necessary to consider many of the legal propositions presented and urged at the hearing and in briefs submitted by counsel on both sides, because, in our view of the matter, the controversy before us is narrowed down to two questions. This being an original proceeding in mandamus, it can not be removed to a federal court. On May 18, 1915, we denied a petition for removal in the case of *City of. Garden City v. Garden City Telephone, Light & Manufacturing Company* (No. 20,092), on the ground that being an original proceeding in mandamus it was not removable. No opinion was written. In *Rosenbaum v. Bauer,* 120 U. S. 450, 7 Sup. Ct. Rep. 633, 30 L. Ed. 743, it was held that an original proceeding in mandamus is not removable, for the reason that it is not a suit of a civil nature within the meaning of the removal act of 1875.

It should be stated also that the plaintiff, the public utilities commission, on January 3, 1916, filed a supplemental petition in this proceeding, in which, besides praying for a permanent injunction against the prosecution by the receivers of their suit in the federal court, a writ of mandamus is sought to compel the receivers to perform their official duties and to furnish to their customers efficient and sufficient service.

"A suit, which is ancillary and supplemental to one previously brought in a state court, and which is so connected with the original suit as to form an incident thereto, and to be substantially a continuation thereof, can not be removed into a circuit court of the United States, unless the original suit has been previously or may be simultaneously removed." (34 Cyc. 1229.)

(See, also, *Western Union Telegraph Co. v. State, ex rel.,* 165 Ind. 492, 495, 76 N. E. 100, 3 L. R. A., n. s., 153; *State v.*

*Columbus & Xenia R. Co.,* 48 Fed. 626; *State of Indiana v. Lake Erie & W. Ry. Co.,* 85 Fed. 1; 34 Cyc. 1229, Notes 89, 90.)

The petition for removal of the cause to the federal court is therefore denied for the sufficient reason that, being an action in mandamus to compel the receivers to perform their legal duties, the cause is not removable. At the same time, the court deems it proper to inquire what, if anything, of substance remains for consideration or determination in the original proceeding. At the hearing of the application for removal it was conceded that the receivers have complied with the order of the commission and have put into effect the rate fixed by the order of December 10, 1915. The fact that they are seeking by the suit in the federal court to enjoin the rate as confiscatory and unreasonable makes no difference. They have the right to question the reasonableness of the rate established by the commission and to choose the forum where that question shall be adjudicated. (Public Utilities Act, Laws 1911, ch. 238, § 21.)

The original petition filed here in August, 1915, alleged that the defendants, as receivers, had neglected to comply with their legal duties and to supply to their customers throughout the state efficient and sufficient service, and the prayer of the petition asked that they be compelled to perform their official duties. No facts were alleged upon which the court could have made an order. It was not even alleged that the commission itself had ever made any order requiring the defendants to supply efficient service or sufficient gas. Nor was the matter of the character of the service presented to the court on the hearing of the cause at the September term, other than by incidental reference to the interest the public was supposed to have in an early determination of the controversy. No order directing the receivers to do any specific thing was asked. The only questions argued or presented, aside from those respecting the jurisdiction of the district court of Montgomery county to make certain orders, were questions affecting the action of the commission in declining to fix a reasonable rate at which the receivers should furnish gas.

This court saw no necessity for prolonging the litigation over rates, and believed that the interests of the public and the parties would be best served by making it unnecessary to go

over much of the ground a second time or to thresh out old straw, and therefore retained the cause, so that when the public utilities commission should make such orders as it saw proper to make, either of the parties might in this proceeding, have any questions as to rights or duties arising thereon promptly and speedily considered and judicially determined.

But it was conceded at the hearing of the petition for removal that the only order issued against the receivers by the utilities commission is the order of December 10, 1915, fixing rates, and that this order has been obeyed and enforced by the defendants. The utilities commission has made no order of any kind requiring the defendants to render more efficient service. The supplemental petition in this cause, filed January 3, 1916, repeats the averments of the original petition to the effect that the receivers neglect and refuse to furnish efficient and sufficient service, and asks that an alternative writ of mandamus issue to compel them to do so. The public utilities act places the duty upon the commission to require a public utility to render efficient service, and provides the machinery for an investigation by the commission into all questions affecting the character and sufficiency of such service. (Laws 1911, ch. 238, §§ 9, 10, 13-16.) When the commission, upon due notice and inquiry, has made a reasonable order requiring the defendant receivers to maintain more efficient service the presumption is that defendants will obey and enforce the order. If not, the courts will entertain proceedings to compel them to do so.

Since it is conceded that the defendants have obeyed all the orders thus far made by the plaintiff, it is apparent that nothing substantial is left of the original proceeding in mandamus. This court has no original jurisdiction in injunction and no power to issue an injunctive order except for the purpose of protecting its own jurisdiction and the rights of the parties until it has determined some controversy pending before it. (*C. K. & W. Rld. Co. v. Comm'rs of Chase Co.*, 42 Kan. 223, 21 Pac. 1071; *The State v. Brewing Association*, 76 Kan. 184, 90 Pac. 777.) Mandamus is a discretionary writ. The court has held that it would refuse to issue the writ where it would be useless or futile and of no public benefit. (*The State, ex rel., v. Postal Telegraph Co.*, ante, p. 298, 309, 150 Pac. 544.)

The State, *ex rel.*, v. Flannelly.

We have, then, an action pending here in mandamus which is not removable, but the averments of the petition are vague and general; and since it is now conceded that the public utilities commission has made no order requiring defendants to furnish better or more efficient service, the court would not be justified in granting the writ nor in longer retaining the proceeding. It follows, too, that there is no reason why the court should issue an injunction to protect its jurisdiction, and therefore the plaintiff's application for an order to restrain the defendants from prosecuting the suit begun in the federal court will be denied and the proceeding in mandamus is dismissed.

DAWSON, J., not sitting.