[No. 13187. Department Two. April 1, 1916.]

THE STATE OF WASHINGTON, *on the Relation of C. W. Lewis,* *Respondent,* v. ROBERT T. HODGE, *as Sheriff of King County, Appellant.*[1]

MANDAMUS—WHEN LIES — TO OFFICERS — ADEQUATE REMEDY AT LAW. Notwithstanding there may be an adequate remedy at law upon an officer's bond, mandamus lies to compel a sheriff to levy an execution, under Rem. & Bal. Code, § 1014, authorizing the issuance of the writ to any . . . person to compel the performance of an act especially enjoined by law as a duty resulting from an office.

NEWSPAPERS—SELECTION—EXECUTION SALES—POWERS OF SHERIFF. Under the proviso to Rem. & Bal. Code, § 582, to the effect that notice of execution sale shall be published by the sheriff in the paper selected by the plaintiff if a receipt is presented showing full payment of the publication fees, the sheriff has no power to select the paper in such a case.

SAME—SELECTION—EXECUTION SALE—"GENERAL CIRCULATION." A typical weekly country newspaper, of four pages of seven columns, containing general news, having a circulation among its paid subscribers and advertising patrons of eight hundred copies, and one

[1]Reported in 156 Pac. 404.

hundred additional copies, is a "newspaper of general circulation," within Rem. & Bal. Code, § 582, relating to the publication of notice of execution sales.

Appeal from a judgment of the superior court for King county, Ronald, J., entered June 9, 1915, in favor of the plaintiff, in an action for a writ of mandamus to compel a sheriff to levy upon and sell certain real property on execution. Affirmed.

*Walter B. Allen*, for appellant.

*Warren H. Lewis*, for respondent.

PARKER, J.—The relator, C. W. Lewis, being the owner by assignment of an unsatisfied money judgment rendered in the superior court for King county, sought a writ of mandate from that court requiring the defendant, as sheriff of King county, to levy upon and sell certain real property belonging to the judgment debtor in satisfaction of an execution issued upon that judgment, and specially requiring him to publish notice of such sale in the Rainier Valley Citizen, a newspaper published and circulated in King county. Trial in the superior court resulted in judgment against the defendant as prayed for, from which he has appealed to this court.

The relator, having procured the issuance of an execution, presented it to appellant, as sheriff of King county, and demanded that he proceed as we have above stated. The relator, at the same time, tendered to appellant a sufficient sum to pay all fees and expenses which would be incurred by him in making the levy and sale other than the expense of the publication of notice of sale in a newspaper. In lieu of the money for the publication expense, relator tendered to appellant a receipt showing payment by the relator to the proprietor of the Rainier Valley Citizen of a sum entitling the relator to have such notice of sale published for the time required by law in that paper, so that appellant would be at no expense in making such publication. Appellant refused to proceed as demanded by the relator.

Counsel for appellant contends that the remedy of mandamus is not available to the relator since, if he has been injured, "he has an adequate remedy at law," evidently meaning a right of action for damages against appellant recoverable upon his official bond. Whatever the common law rule may have been, our statute seems to conclusively answer this contention adversely to appellant. Rem. & Bal. Code, § 1014 (P. C. 81 § 1753), relating to the writ of mandamus and prescribing in what cases it may issue, reads:

"It may be issued by any court, except a justice's or a police court, to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station."

Clearly, if the relator has made proper tender of fees to accrue to appellant and expenses to be incurred by him in making the levy and sale, the duty of the appellant to proceed is a duty especially enjoined upon him resulting from his office of sheriff. The general rule touching the right to invoke mandamus in such cases is well stated in the text of 26 Cyc. 172, as follows:

"In case adequate relief may be had by an action for damages, mandamus will not lie. But in the case of corporations and ministerial officers, there is an exception to the general rule, and they may be compelled to exercise their functions according to law by mandamus, even though the party has another remedy against them by action for neglect of duty. And as a development of this rule it is held by the weight of authority that mandamus will lie, although the party may have also a remedy upon the official bond of a ministerial officer."

This court has rendered several decisions in harmony with this doctrine: *State ex rel. Achey v. Creech,* 18 Wash. 186, 51 Pac. 363; *Achey v. Creech,* 21 Wash. 319, 51 Pac. 208; *Chapin v. Port Angeles,* 31 Wash. 535, 72 Pac. 117; *State ex rel. Hill v. Gardner,* 32 Wash. 550, 73 Pac. 690, 98 Am.

St. 858; *American Bridge Co. v. Wheeler*, 35 Wash. 40, 76 Pac. 534.

Contention is made in appellant's behalf that he has the right, and it is his duty, to determine in what newspaper such notice of sale shall be published, and that such determination is a matter within his discretion. This contention is to be determined by the proper construction of Rem. & Bal. Code, § 582 (P. C. 81 § 925), as applied to the facts appearing from this record. The provisions of that section, so far as we need here notice them, are as follows:

"Before the sale of property under execution, order of sale or decree, notice thereof shall be given as follows:

"(1) In case of personal property, by posting written or printed notice of the time and place of sale  .  .  .

"(2) In case of real property, by posting a similar notice, particularly describing the property  .  .  ., and publishing a copy thereof once a week, consecutively, for the same period, in a newspaper of general circulation published in the county.

"(3) All notices of sales of property on execution or order of sale required by law to be published in any newspaper shall be so published in a newspaper of the county which shall be selected by the sheriff,  .  .  .: Provided, that if the person at whose instance the execution or order of sale is issued, or his attorney, shall present to the sheriff a receipt of the publisher of any newspaper, showing full payment for the publication, then the notice shall be published in that newspaper:  .  .  ."

It seems to us that the concluding language of the above quotation renders it plain that appellant, as sheriff, does not have the power or right of selection of the newspaper in which such publication is to be made, where the person at whose instance the execution is issued has himself provided and paid for the publication in a newspaper so that the sheriff in making the sale is under no obligation to make payment therefor.

It is further contended in this behalf that the Rainier Valley Citizen is not "a newspaper of general circulation pub-

lished in King county." That the paper is published in King county is admitted, but it is denied that it is a newspaper of general circulation therein. A copy of this paper, made a part of the record, shows it to be a seven-column, four-page paper containing general news of such character as to clearly make it a newspaper in the commonly accepted sense. Indeed, in contents and appearance it is a typical country newspaper. The record also shows that it has a weekly circulation among its paid subscribers and advertising patrons in King county of about eight hundred, and about one hundred additional copies are circulated in various other ways each week. If it is not such a newspaper as to its contents and circulation as is contemplated by the provisions of § 582 above quoted, the judgment debtor will have opportunity to be heard upon that question upon the return of the sheriff's sale when confirmation thereof is sought by the relator. Rem. & Bal. Code, § 591 (P. C. 81 § 931). This, however, we think is a question in which appellant as sheriff has no interest, since, as we have seen, the selection of the newspaper in which the notice shall be published lies with "the person at whose instance the execution or order of sale is issued," when the expense of such publication is provided for by such person himself, and properly evidenced to the sheriff, as the relator did in this case.

The judgment is affirmed.

MORRIS, C. J., MAIN, and HOLCOMB, JJ., concur.