STATE OF WASHINGTON ex rel. CITY OF SEATTLE v. PUGET SOUND
TRACTION, LIGHT & POWER CO.

(District Court, W. D. Washington, N. D.   July 27, 1917.)

No. 132–E.

1. MANDAMUS &=133—OPERATION OF STREET RAILWAYS.
    Where a street railway company, maintaining railways in the streets
of a city under franchises authorizing their maintenance and operation,
willfully and unlawfully failed, neglected, and refused to operate cars,
mandamus was a proper remedy.

2. REMOVAL OF CAUSES &=4—NATURE OF PROCEEDING—"SUIT OF A CIVIL NA-
TURE AT COMMON LAW OR IN EQUITY."
    Rem. & Bal. Code Wash. § 1026, provides that when a temporary man-
date has been issued, and any corporation upon whom the writ has been
personally served has without just excuse refused and neglected to obey
it, the court may impose a fine, and in case of persistence in such refusal
the court may order imprisonment, and make any orders necessary and
proper for the complete enforcement of the writ.   An affidavit and
petition for a writ of mandate filed by a city alleged a street car com-
pany's failure and neglect to operate cars, that under its franchises the
city was entitled to a percentage of the gross earnings, that the loss sus-
tained by the city was at the rate of $75,000 a year, and that the cessa-
tion of operation would cause irreparable damage to the industries and
business of the public within the city.   It prayed for an alternative writ
of mandate, and that upon a refusal or failure of the company to operate
cars the court, in addition to punishment for contempt, appoint a receiver.
Held that, while the affidavit and petition contained matters which were
unnecessary and constituted surplusage, the proceeding was not an equita-
ble proceeding for the appointment of a receiver, or an application for a
mandatory injunction or a receivership, but a mandamus proceeding, in
which the pleader sought a receivership as punishment for noncompliance
with the writ, and hence the proceeding was not removable to a federal
court, under Judicial Code (Act March 3, 1911, c. 231) § 28, 36 Stat. 1094
(Comp. St. 1916, § 1010), authorizing the removal of "any suit of a civil
nature at common law or in equity."
    [Ed. Note.—For other definitions, see Words and Phrases, First and
Second Series, Suit of Civil Nature.]

In Equity.   Application by the State of Washington on the relation
of the City of Seattle, for a writ of mandate directed against the Puget
Sound Traction, Light & Power Company.   On motion to remand.
Motion granted.

Hugh M. Caldwell, Corp. Counsel, and Walter F. Meier, Asst. Corp.
Counsel, both of Seattle, Wash., for plaintiff.

James B. Howe, of Seattle, Wash., Clinton W. Howard, of Belling-
ham, Wash., and A. J. Falknor, of Seattle, Wash., for defendant.

NETERER, District Judge.   This is a proceeding brought in the
state court by the filing of an affidavit by the mayor, on behalf of the
city, to obtain a writ of mandate directed against the Puget Sound
Traction, Light & Power Company, a corporation.   It alleges cor-
porate capacity of the city and foreign corporate capacity of the de-
fendant company;   the passage of sundry and divers ordinances by

the city, authorizing the construction, maintenance, and operation of street railways upon divers streets of the city, on conditions in the ordinances set forth; the acceptance of the ordinances; the ownership of the ordinances by the defendant company since July, 1912; and the maintenance and operation of street railways pursuant to the ordinances, by the defendant company until the 17th day of July, 1917, since which date it charges willful and unlawful failure and neglect and refusal to operate such cars. It is further alleged that by virtue of the franchises the city is entitled to 2 per cent. of the gross earnings of the defendant company derived from the operation of the street railway lines; that in excess of 175,000 persons are each day carried over the lines, and that the loss sustained by the city is "at the rate of $75,000 per year"; that "the cessation of operation by said company of its cars over its railway lines has caused, and is now causing, and will continue to cause, unless relief is granted as herein prayed for, irreparable damage, injury, and inconvenience to the industries and business of the public generally within the city of Seattle, for which there is no adequate remedy"—and prays:

"That an alternative writ be issued herein, commanding the said Puget Sound Traction, Light & Power Company to forthwith, and within 24 hours after service of said writ upon it, commence and continue to operate over each and all of its lines within the city of Seattle, on the same schedule upon which it operated on and immediately prior to the 16th day of July, 1917, or to show cause at the expiration of said 24 hours from the service of said writ upon it why it has not done so. (2) That upon the refusal or failure of said company to so commence and continue to operate its cars over each and all of its said lines within the city of Seattle within 24 hours after the service of said writ of mandate upon it in the manner and upon the schedules upon which it was operating on and immediately prior to July 17, 1917, that in addition to punishment as and for contempt of court for failure to comply with the mandate of this court, that the court appoint a receiver. * * *"

Upon the filing of the affidavit, an "alternative writ of mandate and order to show cause" was issued by Judge Tallman, of the state court, commanding the defendant to "operate the said railway lines or show cause * * * why you have not done so, and why a receiver should not then and there be appointed to take charge of all of your cars and other facilities, * * * and to operate said lines. * * *" A petition for removal and bond were duly filed and approved, and the cause removed to this court. A motion to remand is filed by the city, on the ground that the court is without jurisdiction; that this is a mandamus proceeding, and not "a suit of a civil nature at common law or in equity"; and that from the whole record it is apparent that the action could not be properly removed to this court.

It is contended by the city that the proceeding is a special proceeding to compel the performance of a duty imposed upon the defendant company, and of which proceeding this court, being a court of limited jurisdiction, is not, by section 28 of the Judicial Code, the involved provisions of which were brought forward from the act of 1875, given jurisdiction, this not being "any suit of a civil nature at common law or in equity. * * *"

[1] That a mandamus proceeding in such a case is a proper remedy, I think, is conceded, and this is supported by the authorities set out in the margin.[1] I think it is also conceded that an original proceeding in mandamus cannot be removed to the federal court.[2]

[2] The contention, however, is made by the defendant that, though this be the proper remedy, the proceeding, while denominated "affidavit and petition for writ of mandate," is in fact an equitable proceeding for the appointment of a receiver, and that this court, therefore, has jurisdiction, and is competent to protect and enforce the obligations and rights of the several parties, and the motion to remand must therefore be denied.

I think it may be safely said that, while the "affidavit and petition" contain matters which are unnecessary and constitute surplusage, the fact of such surplus matter would not change the nature of the cause of action and enlarge the scope of the pleading, if the necessary essential elements are lacking upon which to predicate a receivership, independent of any remedial statutory agency which may be incident to the original proceeding. The statute of Washington (section 1026, Rem. & Bal. Code) provides:

"When a temporary mandate has been issued and directed to any * * * corporation * * * upon whom the writ has been personally served, has, without just excuse, refused or neglected to obey the same, the court may * * * impose a fine not exceeding $1000. In case of persistence in a refusal * * * the court may order the party to be imprisoned *. * * and may make any orders necessary and proper for the complete enforcement of the writ."

The duties and powers of the court by this section are clearly defined and limited. The issue is the refusal, without excuse, to comply with the order of the court. Upon the adjudication of that issue follows the penalty. The penalty is limited by the statute, which is a fine of not to exceed $1,000. That disposes of the issue. If, after this has been disposed of by the court, and the refusal continues, and the matter is presented to the court, a new and distinct issue is. raised.

[1] Sections 1014, 1015, Rem. & Bal. Code of Washington; State ex rel. Bridgeton v. Bridgeton & Millville Traction Co., 62 N. J. Law, 592, 43 Atl. 715, 45 L. R. A. 837; Pleasantville v. Atlantic City & Suburban Traction Co., 75 N. J. Law, 279, 68 Atl. 60; Bartlesville Water Co. v. Bartlesville (Okl.) 150 Pac. 118; Oklahoma Natural Gas Co. v. State of Oklahoma (Okl.) 150 Pac. 475; Seymour Water Company v. City of Seymour, 163 Ind. 120, 70 N. E. 514; State ex rel. City of Marion v. Marion L. & H. Co., 174 Ind. 622, 92 N. E. 731; State ex rel. Milwaukee v. Milwaukee Electric Ry. & Lighting Co., 144 Wis. 386, 129 N. W. 623, 140 Am. St. Rep. 1025; State ex rel. Lewis v. Hodge, 90 Wash. 487, 156 Pac. 404; Railroad Commission v. Saline River Ry. Co., 119 Ark. 239, 177 S. W. 896.

[2] Rosenbaum v. Bauer, 120 U. S. 450, 7 Sup. Ct. 633, 30 L. Ed. 743; Smith v. Bourbon County, 127 U. S. 105, 8 Sup. Ct. 1043, 32 L. Ed. 73; Louisiana v. Jumel, 107 U. S. 711, 2 Sup. Ct. 128, 27 L. Ed. 448; City of Columbus v. Xenia R. R. Co. (C. C.) 48 Fed. 626; State of Ind. ex rel. City of Muncie v. Lake Erie & W. Ry. Co. (C. C.) 85 Fed. 1; Cœur d'Alene Ry. & Nav. Co. v. Spalding, 93 Fed. 280, 35 C. C. A. 295; Mystic Milling Co. v. C. M. & St. P. Ry. Co. (C. C.) 132 Fed. 289; Western Union Tel. Co. v. State, 165 Ind. 492, 76 N. E. 100, 3 L. R. A. (N. S.) 153, 6 Ann. Cas. 880; State v. Flannelly, 96 Kan. 833, 154 Pac. 235; Hager v. New South Brewing Co. (Ky.) 90 S. W. 608.

This new issue must then be tried by the court to determine what the fact is, and the court may fix a penalty upon the second issue presented, which may be imprisonment and may be such further order as the court may deem necessary. The prayer in the "affidavit and petition," as already noted, is that, in addition to punishment as and for contempt of court for failure to comply with the mandate of this court, "the court appoint a receiver," indicating in the mind of the pleader that the purpose was to bring the action as a mandamus proceeding, and the inclusion of the words "appointment of a receiver," in addition to the penalty provided, is an expressed desire of the pleader as to the interpretation to be placed upon the words of the text of the statute, "such other orders." This must be concluded, I think, from the absence of other necessary allegations in the petition to state facts upon which to found a receivership. The pleading does not contain the requisites of pleading, and lacks the jurisdictional process prescribed for the commencement of a civil action.

Kelly v. Grand Circle, Women of Woodcraft (C. C.) 129 Fed. 830, decided by Judge Hanford, I think, is "on all fours" with this case. In that case the relator, in addition to asking the restoration of certain rights of which she had been deprived, prayed compensation for damages in the sum of $11,000, and the court said:

"Under this statute [section 1026, supra] the right to recover damages is made dependent upon a right to have a * * * writ of mandamus. Hence a case commenced as a special proceeding cannot be converted into an ordinary civil action to recover damages by repleading, and severance of the demand for damages from the application for a writ of mandamus. The case is not ancillary to any other case of which this court has acquired jurisdiction, but is an original independent case, not cognizable in this court, because it is not a suit of a civil nature at common law or in equity."

It is said that Judge Hanford, in the case of State of Washington on the Relation of the City of Tacoma, Plaintiff, v. Tacoma Railway & Power Company, Defendant, and J. F. Fitch, Lorenzo Dow, Joe T. Mitchell, P. G. Hubble, and Peder Jensen, Interveners, 244 Fed. 989, did retain jurisdiction of a mandamus proceeding commenced in the state court and removed to the federal court. From an examination of the copy of the opinion produced in court, I find the action is readily distinguishable from the former case and the instant case. The court, in the Tacoma Case, said:

"The grounds of complaint are neglect and refusal to render the services of a common carrier in accordance with the general principles of law, and in the discharge of the obligation assumed by contract. In other words, the powers of the court of equity are invoked to compel the specific performance of a contract."

And it further said:

"As the real object is to secure an adjudication of the controversy which by law the defendant is entitled to have adjudicated in this court, and as the powers and process of this court are ample to protect and enforce the rights and obligations of all of the parties, the motion to remand must be denied."

In the Tacoma action the writ was sought—

"to compel the holder of the street railway franchise to operate the cars on one of its lines, so as to render adequate service, for the compensation of a

single fare of five cents for each passenger carried for a single continuous trip from any part of the city to the terminus of said lines."

The object was not the operation of the line, but the enforcement of a condition that passengers should be carried for a certain amount, and it seems to me, clearly, the facts, it must be presumed, all appearing in the record, the contrary not appearing, that the action was to determine the contractual rights of the parties, rather than to compel the operation of a public utility.

In the instant case the only issue presented is whether there is just excuse for not operating the railway. When that issue is settled, if it is found that there is just excuse, the matter ends; if there is not just excuse, the penalty is fixed by statute at not to exceed a fine of $1,000. No contractual relations or interests are sought to be adjudicated, and the only time when the matter of further punishment may be considered is when there is subsequent conduct, after the issue in the first instance has been disposed of; and that is left, likewise, with the discretion of the court, but with express power to imprison the party and make "such other orders" as may be deemed necessary.

It is strongly urged by the defendant that this matter should be considered as an application for a mandatory injunction, or a receivership, and as such it should be held by the court to be a civil action of an equitable nature, and within the jurisdiction of this court, and numerous authorities are cited[3] which, it is contended, support this position.

I cannot arrive at this conclusion from any viewpoint from which the subject can be approached. There is nothing upon the face of the pleading which would indicate such a thought in the mind of the complainant. The substance and effect of the entire record is mandamus.[4] There is an utter lack of allegations in the "affidavit and petition" upon which to predicate such relief, and the authorities which are cited do not, in my judgment, support the contention. I am thoroughly convinced that this is a mandamus proceeding and that this

[3] Defendant's authorities: Western Union Tel. Co. v. Postal Tel. Co., 217 Fed. 533, 539, 133 C. C. A. 385; Darragh v. Wetter Mfg. Co., 78 Fed. 7–14, 23 C. C. A. 609; Leighton v. Young (C. C. A. 8th Cir.) 52 Fed. 439, 442, 3 C. C. A. 176, 18 L. R. A. 266; Atchison, T. & S. F. Ry. Co. v. Love (C. C.) 174 Fed. 59; Love v. Atchison, T. & S. F. Ry. Co. (C. C. A. 8th Cir.) 185 Fed. 321, 322, 107 C. C. A. 403; Sheffield Furnace Co. v. Witherow, 149 U. S. 574, 575, 13 Sup. Ct. 936, 37 L. Ed. 853; State ex rel. Brown v. McQuade, 36 Wash. 579, 584, 79 Pac. 207; State v. Seattle Gas & Electric Co., 28 Wash. 488, 68 Pac. 946, 70 Pac. 114; State ex rel. White v. Point Roberts Reef Fish Co., 42 Wash. 409, 85 Pac. 22; Old River Rec. Co. v. Stubbs (Tex. Civ. App.) 133 S. W. 494; Seattle Electric Co. v. Snoqualmie Falls Power Co., 40 Wash. 380, 82 Pac. 713, 1 L. R. A. (N. S.) 1032; In re Lennon, 166 U. S. 548, 17 Sup. Ct. 658, 41 L. Ed. 1110; Holland v. Challen, 110 U. S. 15, 3 Sup. Ct. 495, 28 L. Ed. 52; State of Wash. on rel. of City of Tacoma v. Tacoma Ry. & Power Co., 244 Fed. 989 (decision of Judge Hanford); In re Jarnecke Ditch (C. C.) 69 Fed. 161, 163; Wiemer v. Louisville Water Co. (C. C.) 130 Fed. 251, 256; State ex rel. Rosbach v. Pratt, 68 Wash. 157, 158, 122 Pac. 987; Toledo, A. A. & N. M. Ry. Co. v. Penn. Co., 54 Fed. 730, 19 L. R. A. 387; C., B. & Q. Ry. Co. v. Burlington C. R. & N. Ry. Co. (C. C.) 34 Fed. 481, 482, 483.

[4] Old River Rec. Co. v. Stubbs (Tex. Civ. App.) 133 S. W. 494; Boardman v. Marshalltown Groc. Co., 105 Iowa, 445, 75 N. W. 343.

court has not jurisdiction, and, if any doubt did exist, it would be the court's duty to resolve it in favor of the state court which has undoubted jurisdiction. Western Union Tel. Co. v. Louisville & N. R. Co. (D. C.) 201 Fed. 932; Harley v. Firemen's Fund Insurance Co., 245 Fed. 471, decided by this court October, 1913; Plant v. Harrison (C. C.) 101 Fed. 307; Kelly v. Virginia Bridge & Iron Co. (D. C.) 203 Fed. 566; Fitzgerald v. Mo. Pac. Ry. Co. (C. C.) 45 Fed. 812; Johnson v. Wells Fargo & Co. (C. C.) 91 Fed. 1; Groel v. U. S. Elec. Co. (C. C.) 132 Fed. 252.

The motion to remand is granted.