# AMERICAN RAILROAD COMPANY OF PORTO RICO ET AL.

*v.*

# SALVADOR MESTRE, ACTING ATTORNEY GENERAL, ET AL.

San Juan, Equity, No. 1044.

INJUNCTION OF MANDAMUS.

Equity—Plaintiff's Motion to Dismiss.
  1. Plaintiff's motion to dismiss will ordinarily be granted, but public interest will also be considered.

American R. Co. v. Mestre.

Mandamus—Federal Jurisdiction.

    2. A Federal court cannot remove a mandamus suit from a local court. Quære, Can it effect the same purpose by enjoining the prosecution of such a suit?

Mandamus—Cloak for Injustice.

    3. But if the mandamus suit is for illegal purposes and an equity exists, a Federal court will go behind forms and do justice.

Mandamus—Projected Receivership.

    4. The allegation of an intended unjust local receivership is not sufficient to give the Federal court jurisdiction until such receivership is a fact.

Opinion filed December 30, 1919.

*Messrs. F. H. Dexter* and *Willis Sweet* for plaintiffs.

*Messrs. Salvador Mestre* and *Edmond Block* for defendants.

HAMILTON, Judge, delivered the following opinion:

.The bill in this case was filed December 23, 1919, alleging that the Attorney General and members of the Public Service Commission of Porto Rico were about to file a mandamus in the insular courts against the plaintiffs to compel them to run trains, which was impossible during the prevalence of a strike of its employees, and upon its failure to do so to take possession of the railroad through an unfriendly receivership. A temporary restraining order was granted, returnable in three days, but containing the provision that the matter could be heard at any time upon defendants' notice to plaintiffs. Advantage was not taken of this clause, and the matter came on to be heard on December 26, defendants appearing by filing a motion to dis-

miss. Subsequently, on December 29, the plaintiffs filed a motion to dismiss their bill of complaint, alleging that the occasion for intervention of the court had ceased. An affidavit previously filed showed that the strike had been arranged on some terms of arbitration satisfactory to the company and to the employees.

1. Ordinarily the plaintiffs' motion to dismiss their bill would be granted without more in a case where no counterclaim had been raised or other rights of the defendants were not involved in the pleadings. In the case as bar the only pleading filed by the defendants is a motion to dismiss, which necessarily raises only a question of law. That question of law, however, is of such importance that it would seem right to determine it before going further.

2. There seems to be no question that a mandamus proceeding in a state court is not removable to the Federal court although there be diversity of citizenship, where the Federal court would have no original jurisdiction to issue the writ. Rosenbaum v. Bauer, 120 U. S. 450, 30 L. ed. 743, 7 Sup. Ct. Rep. 633. Federal courts have no jurisdiction of original proceedings seeking relief from mandamus. Knapp v. Lake Shore & M. S. R. Co. 197 U. S. 536, 49 L. ed. 870, 25 Sup. Ct. Rep. 538; Smith v. Bourbon County, 127 U. S. 105, 32 L. ed. 73, 8 Sup. Ct. Rep. 1043. The court, therefore, asked upon the argument a question,—if this court has no jurisdiction to remove a mandamus suit, how can it indirectly accomplish the same purpose by enjoining the bringing of such a suit? State ex rel. Seattle v. Puget Sound Traction, Light & P. Co. 243 Fed. 748. The question was not answered, and it would seem cannot be answered. A mandamus may be the act of a sovereign power

requiring performance of some duty, and such would seem to be its nature in the case complained of. The argument proceeded mainly on the lines that such a writ should not issue, but if so it should be directed to the court wherein its issue was sought. This court cannot assume that justice would not be done in the insular court.

3. This difficulty, however, might arise. While the court cannot assume that injustice will occur in a local tribunal, if this is charged as a matter of fact and the court has any jurisdiction by equitable procedure or otherwise, it must be exercised. The bill in this case alleges that the proceedings threatened are to harass plaintiffs for the purpose of coercing them into compliance with impossible and illegal demands and those of striking railroad employees, taking the railroad and its operation from the plaintiffs, and so managing it that its value will be destroyed and irrevocable bankruptcy result, representing a loss of millions of dollars. The motion to dismiss raising points of law necessarily admits all facts properly pleaded. If the facts were as alleged, and the irremovable mandamus were only a cloak for an unlawful exercise of the power of receivership, it is not at all clear that the receivership could not be removed. A court of equity goes behind all forms and gets at the substance. While not having jurisdiction for original proceedings in mandamus, yet where it otherwise has jurisdiction of a case it will itself issue a mandamus. Waite v. Santa Cruz, 89 Fed. 619.

4. Defendants' motion to dismiss, however, is made in a case where the injunction prayed could not be granted, whatever might be the case at a subsequent stage of the local proceedings. The mandamus itself could not be removed, as is conceded in the

American R. Co. v. Mestre.

bill, and not only has there been no mandamus, but the unfair receivership anticipated has not occurred. It is not even clear under the provisions of the Porto Rico Civil Code, § 182, that there could be such a receivership. Havemeyer v. Superior Ct. 84 Cal. 327, 10 L.R.A. 627, 18 Am. St. Rep. 192, 24 Pac. 121. There has been no such practice in Porto Rico, and it certainly has not become an established procedure anywhere. It would appear to be entirely premature for this court to take any steps in the matter one way or the other before such a receivership is imminent. Under the facts of the case the motion of the defendants to dismiss should be granted.

As the bill is dismissed upon defendants' motion, there is no need to consider that of the plaintiffs made subsequently.

The bill is therefore dismissed at the cost of the plaintiffs. It is so ordered.