GARES v. NORTHWEST NAT. BUILDING. L. & I. ASS'N.

(Circuit Court, D. Oregon.   September 14, 1892.)

No. 1,947.

MANDAMUS—JURISDICTION OF FEDERAL COURTS.

The United States circuit courts have no jurisdiction to issue writs of mandamus, even when, by the law of the state where the court sits, mandamus is regarded as a civil action, except in cases where the writ is ancillary to some other proceedings. Rosenbaum v. Bauer, 7 Sup. Ct. Rep. 633, 120 U. S. 450, followed.

Suit for mandamus, brought by T. M. Gares against the Northwest National Building, Loan & Investment Association, to compel defendant to hold a stockholders' meeting for the election of a board of directors. Defendant demurs. Demurrer sustained.

G. H. Gorman, for petitioner.
C. B. Bellinger, for respondent.

GILBERT, Circuit Judge.   This is a suit for a mandamus to compel the defendant corporation to hold a stockholders' meeting for

the election of a board of directors. A demurrer to the petition raises the question of the jurisdiction of this court to issue the writ. It has been repeatedly decided by the supreme court that the circuit courts of the United States are not authorized to issue writs of mandamus in original proceedings, or otherwise than as necessary to the exercise of their respective jurisdictions. McIntire v. Wood, 7 Cranch, 504; Bath Co. v. Amy, 13 Wall. 244; Rosenbaum v. Bauer, 120 U. S. 450, 7 Sup. Ct. Rep. 633. These decisions are based upon the ground that the eleventh section of the judiciary act of 1789, which confers upon the circuit courts jurisdiction of all suits of a civil nature, at common law and in equity, between a citizen of the state where the suit is brought and a citizen of another state, does not include the proceeding for mandamus, which is neither an action at law nor a suit in equity, and this construction is held to be further supported by the language of the fourteenth section, which gives to the circuit courts power to issue "writs of scire facias, habeas corpus, and all other writs not specially provided for by statute which may be necessary for the exercise of their respective jurisdictions, and agreeable to the principles and usages of law," thereby expressly limiting the power to issue the writ of mandamus to cases where it may be necessary for the exercise of a jurisdiction otherwise conferred by the act.

It is urged on behalf of the petitioner that this construction was adopted upon the theory that the writ of mandamus is here, as at common law, a prerogative writ, and it is contended that the reason of the rule does not exist in Oregon, where, by statute, the proceeding for mandamus is made a suit between private parties for the redress of private wrongs, and therefore becomes a suit of a private nature, at common law or in equity, within the language of section 11 of the judiciary act. The same contention was made in the case of Rosenbaum v. Bauer, supra, and the attention of the court was there expressly directed to the fact that in California, where that suit arose, the writ of mandamus was not prerogative, but on the contrary, by the adjudications of the state courts, had uniformly been held to be a civil action. Notwithstanding this fact, and the argument thereupon based, the majority of the court adhered to the rule previously followed, and refused to consider the proceeding for mandamus a suit of a civil nature, at common law or in equity. It must be regarded, therefore, the settled rule that the United States circuit courts have no authority to issue writs of mandamus except as ancillary to some other proceeding which shall have established a demand, or reduced it to judgment, in which case the mandamus may issue in the nature of process for executing the judgment, or otherwise for the enforcement of rights sought to be protected in the suit. The demurrer is sustained.