STATE OF WASHINGTON ex rel. CITY OF TACOMA v. TACOMA RY. & POWER CO. (FITCH et al., Interveners).

(Circuit Court, W. D. Washington, W. D.    January 7, 1910.)

No. 1607.

1. REMOVAL OF CAUSES ☞102—JURISDICTION—REMAND.

The state of Washington, on the relation of a municipal corporation, instituted a proceeding against a street railway company for a writ of mandamus to compel the street railway company, as a holder of a franchise, to operate cars on all of its lines, so as to render adequate service. The defendant company, which was a foreign corporation, filed a petition for removal on the ground of nonresidence, interveners in the suit also being nonresidents. Pierce's Code Wash. 1905, § 1408, authorizes the courts of the state to issue writs of mandamus to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station. *Held* that, though the issuance of a writ of mandamus was prayed, the proceeding was in reality one of an equitable nature, the purpose being to compel a common carrier for the benefit of the public to render service as required by its franchise; and hence, after removal, the cause will not be remanded, though the federal court was without power to entertain a proceeding for a writ of mandamus pure and simple.

2. COURTS ☞265—FEDERAL COURTS—MANDAMUS—JURISDICTION.

The federal court is without jurisdiction to issue a writ of mandamus against a corporation to compel compliance with franchise obligations.

At Law. Proceeding by the State of Washington, on the relation of the City of Tacoma, a municipal corporation, for a writ of mandamus against the Tacoma Railway & Power Company, in which J. F. Fitch and others intervened. On petition of defendant, the cause was removed from the state court, where it was instituted, to the federal court. On motion to remand. Motion denied.

T. L. Stiles, City Atty., and F. R. Baker, Asst. City Atty., both of Tacoma, Wash., for relator.

Grosscup & Morrow, of Tacoma, Wash., for Tacoma Ry. & Power Co.

Harry G. Rowland and Hayden & Langhorne, all of Tacoma, Wash., for defendants Fitch and others.

Fitch & Jacobs and Lorenzo Dow, all of Tacoma, Wash., for interveners Fitch and others.

HANFORD, District Judge. This suit is in form a proceeding instituted by an affidavit, pursuant to the Code of the state of Washington, for a writ of mandamus to compel the holder of a street railway franchise to operate cars on one of its lines, so as to render an adequate service for the compensation of a single fare of five cents from each passenger carried for a single continuous trip from any part of the city to the terminus of said line. The proceeding was instituted by the

city of Tacoma, a municipal corporation, grantor of the franchise, and the defendant is a corporation organized under the laws of New Jersey, and the other parties to this suit are citizens of the state of Washington, composing a committee representing inhabitants of the district contiguous to the line of railway in question. The defendant filed a petition and bond for removal of the case into this court, alleging as the grounds for removal that the suit involves a controversy which is wholly between citizens of different states, and that the amount involved exceeds $2,000. The city of Tacoma moved to remand the cause, on the ground that this court does not have jurisdiction of an action, the primary object of which is to obtain a writ of mandamus.

[1, 2] The Code of the state of Washington authorizes the courts of the state to issue a writ of mandate—

"to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station, or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board or person." Pierce's Code 1905, § 1408.

If this suit is such a proceeding as contemplated and authorized by the above-quoted section of the Code, for a writ of mandamus pure and simple, it is not cognizable in this court, and the motion to remand should be granted. It becomes necessary, however, for the court to examine the record and form its own conclusion as to the real nature of the proceeding, irrespective of the means by which the litigants propose to obtain the relief desired. The affidavit of the mayor, which stands as the complainant's pleading, does not set forth any duty specifically enjoined by law, nor any specific right or office, to the use or enjoyment of which any particular person is entitled, and from which he has been unlawfully precluded. On the contrary, the proceeding is in the interest of the general public, and the grounds of complaint are neglect and refusal to render the service of a common carrier in accordance with general principles of law and in the discharge of an obligation assumed by contract. In other words, the powers of a court of equity are invoked to compel the specific performance of a contract.

It is the opinion of the court that the substantial object of the suit, rather than the formalities, are of paramount importance, and, as the real object is to secure an adjudication of a controversy which by law the defendant is entitled to have adjudicated in this court, and as the powers and process of this court are ample to protect and enforce the rights and obligations of all the parties, the motion to remand must be denied.