## STATE OF WASHINGTON ex rel. MARKHAM et al. v. SEATTLE & R. V. RY. CO.

(District Court, W. D. Washington, N. D. September 25, 1924.)

No. 8741.

1. **Municipal corporations** ⬅➡120 — **Ordinance may constitute contract.**

Ordinances of a city are of a dual nature, and may be in effect local laws, or may constitute contracts.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Ordinance.]

2. **Street railroads** ⬅➡18 — **Franchise constitutes contract.**

The grant of a franchise to a street car company, and its acceptance, constitute a contract.

**3. Removal of causes** ⬥4—**Abutting owners' suit to compel street railroad to pave portion of street held removable.**

Suit by owners of property abutting on street against street railroad for writ of mandate directing railroad to pave portion of street in accordance with franchise ordinance is in the nature of a suit for specific performance of contract, and not one to require defendant to perform public duty required by law, and is therefore removable.

Suit by the State of Washington, on the relation of E. E. Markham and others, against the Seattle & Rainier Valley Railway Company. On motion to remand. Denied.

W. R. Crawford, of Seattle, Wash., for plaintiffs.

Donworth, Todd & Higgins, of Seattle, Wash., for defendant.

CUSHMAN, District Judge. This suit was removed from the state court, and plaintiffs move to remand. The plaintiffs are owners of property abutting on Rainier avenue in the city of Seattle, along which avenue, and other streets, the defendant owns and operates a street railway under certain ordinances of the city of Seattle, providing, among other things, that the holders of such franchise should pave and repave within and between all tracks thereof and for 1½ feet on each side of the tracks on any and all streets over which the lines authorized by the ordinance shall extend. Under ordinances of the city requiring it, certain of such streets have been paved; plaintiffs and others have paid their assessment for such paving; defendant has not paved the part of the street which it was required to pave under the ordinance; that its failure and refusal so to do has caused the plaintiffs irreparable loss and damage. Plaintiffs pray that a writ of mandate issue, directing that defendant immediately pave its portion of said streets as provided by ordinance, and that plaintiffs have other and proper relief in the premises.

[1-3] The ordinances of a city are of a dual nature. They may be in effect local laws, or they may constitute contracts. The grant of a franchise to a street car company, and its acceptance of the same, constitute a contract. The present suit is essentially in its nature one to compel the specific performance by the defendant of its contract with the city, and is not one to require the defendant to perform a public duty required by law. The prayer, in its essence, is one for mandatory injunction, and is, in substance, a suit of a civil nature,

and removable. In re Lennon, 166 U. S. 548, 17 Sup. Ct. 658, 41 L. Ed. 1110; State of Washington ex rel. City of Seattle v. Seattle & Rainier Valley Ry. Co., 113 Wash. 684, 194 Pac. 820, 15 A. L. R. 1194; State of Washington ex rel. City of Tacoma v. Tacoma Ry. & Power Co. (C. C.) 244 Fed. 989; State of Washington ex rel. City of Seattle v. Puget Sound Traction, Light & Power Co. (D. C.) 243 Fed. 748; State of Washington ex rel. City of Seattle v. Pacific Telephone & Telegraph Co. (No. 413) 1 Fed. (2d) 327 decided September 5, 1924.

The motion to remand is denied.