## GREENOUGH v. INDEPENDENCE LEAD MINES CO. et al.

### No. 1132.

District Court, D. Idaho, N. D.

Nov. 10, 1930.

James A. Wayne, of Wallace, Idaho, for plaintiff.

Walter H. Hanson and Therrett Towles, both of Wallace, Idaho, for defendants.

CAVANAH, District Judge.

This action was commenced in the state court, and removed into this court on defendants' motion. Plaintiff now moves to remand the case upon the grounds that, as no separable controversy exists between plaintiff and the defendants, and that plaintiff and one of the defendants, Herman Marquardt, the secretary of the defendant company, are both citizens and residents of Idaho, and the right of action not arising under the Constitution and laws of the United States, jurisdiction is not vested in this court on the ground of diversity of citizenship; that the action being an original proceeding in mandamus against the defendants to compel an inspection of the defendant company's books, a federal court cannot acquire jurisdiction by removal from a state court; and that the controversy has no value which can be measured in money to meet the jurisdictional value required by the statute.

Without a lengthy discussion of the questions presented, it is thought that, as appears from the record, all of the grounds asserted by plaintiff on its motion to remand are tenable, as jurisdiction in this case depends alone on the citizenship of the parties.

The plaintiff and Marquardt, the secretary of the defendant company, one of the defendants, are both citizens of Idaho, and there is no separable controversy between the plaintiff and the defendant company which would authorize removal of the action begun in the state court on that account. The defendant Marquardt, secretary of the defendant company, and in whose possession and custody the company's books are, is a proper, necessary, and indispensable party, as the writ of mandamus, if issued, will be directed to him to produce the books for inspection. It is held by the weight of authority that, in mandamus to enforce the right to inspect the books of a private or public corporation, it is proper to join the officer in whose possession and custody the books are, which latter reason appeals to me as the logical one, for, when both the corporation and officers are made parties defendant, neither one can evade in the inspection of the books.

The further thought that jurisdiction is not vested in a federal court to award mandamus except as ancillary to some other pro-

ceeding, establishing a demand, is established by the authorities which reason that the mandamus is in the nature of process for executing the judgment, and is not considered as a suit of a civil nature within the meaning of the act authorizing the removal of suits to a federal court. Rosenbaum v. Bauer, 120 U. S. 450, 7 S. Ct. 633, 30 L. Ed. 743.

 As to the further objection of plaintiff that the controversy has no value which can be calculated and ascertained in money to meet the jurisdictional amount, it will be remembered that the present suit is not for money or for anything the value of which can be measured in money. It is to ascertain a right to inspect books by plaintiff, and depends upon and flows from a larger and more fundamental right which is the real matter in dispute. But, whatever the right is, it is now universally held that it must be such as can be ascertained in money. Whitney v. American Shipbuilding Co. (D. C.) 197 F. 777; In re Red Cross Line (D. C.) 277 F. 853.

In view of the reasons thus stated, the motion to remand will be granted.