794

## CONSUMERS' LIGNITE CO. v. LUMBER-MAN'S MUT. CASUALTY CO.

### No. 3467.

District Court, N. D. Texas, Dallas Division.
Jan. 31, 1934.

Lawther, Cox & Cramer, of Dallas, Tex., for plaintiff.

McCormick, Bromberg, Leftwich & Carrington, of Dallas, Tex., for defendant.

ATWELL, District Judge.

This suit was brought in the state court and removed to this court. It is only and simply a request by a Texas employer to require a nonresident insurance company, doing business in Texas, to issue to it employers' liability insurance under the state statute. The only remedy asked is mandamus. Texas Employers' Insurance Ass'n v. U. S. Torpedo Co. (Tex. Com. App.) 26 S.W.(2d) 1057; Southern Casualty Co. v. Freeman (Tex. Civ. App.) 13 S.W.(2d) 148; Vernon's Ann. Civ. St. Tex. arts. 8306–8309.

When the suit reached the clerk of this court, the defendant had it placed on the equity docket, and later filed this motion to dismiss, claiming that while the plaintiff is seeking a mandamus, that it is in reality praying for an equitable or mandatory injunction, and that there is no statutory or legal duty on its part to issue the policy demanded.

The plaintiff, in turn, moves to transfer the cause to the law docket and to strike certain portions of the defendant's answer, which seems to have been filed ahead of time, and without prejudice to its motion to dismiss.

These motions having been argued by the respective parties, the court is of the opinion that there is no jurisdiction here and, sui sponte, remands the case to the state court.

If in any suit removed from a state court it shall appear to the satisfaction of the national court, at any time after such suit has been removed thereto, that it does not really and substantially involve a controversy or dispute properly within the jurisdiction of the court, it shall proceed no further therein, but shall remand the suit to the court from which it was removed. 18 Stat. at Large, 472, § 5, as amended (28 USCA § 80); Williams v. Nottawa Tp., 104 U. S. 209, 26 L. Ed. 719; Graves v. Corbin, 132 U. S. 571, 10 S. Ct. 196, 33 L. Ed. 462; Walker v. Collins, 167 U. S. 57, 17 S. Ct. 738, 42 L. Ed. 76; Farmington v. Pillbury, 114 U. S. 138, 5 S. Ct. 807, 29 L. Ed. 114; King Bridge Co. v. Otoe County, 120 U. S. 225, 7 S. Ct. 552, 30 L. Ed. 623.

It seems to be beyond dispute that there is no original jurisdiction to grant such a writ in the United States courts. The United States courts have jurisdiction of suits between citizens of different states that are of a civil nature. A suit of a civil nature is a proceeding in which one pursues, in a court of justice, a remedy which the law gives him to secure the right litigated. For a suit of a civil nature, at law or in equity, to be cognizable in the national courts, it must be such a suit as is so within the meaning of the acts of the Congress (see Jud. Code § 24 [28 USCA § 41]), which define the jurisdiction of such courts.

There was doubtless a practical reason of public policy for reaching the conclusion that the power to issue mandamus was not given to the United States courts except in aid of their jurisdiction. Even a federal appellate court cannot issue unless it has either original or appellate jurisdiction of the subject-matter, Los Angeles Brush Mfg. Corp. v. James, 272

U. S. 701, 47 S. Ct. 286, 71 L. Ed. 481; and then not to compel exercise of discretion in any particular way, Wilbur v. U. S., 281 U. S. 206, 50 S. Ct. 320, 74 L. Ed. 809; Board of Com'rs of Grand County v. King (C. C. A. Colo.) 67 F. 202. And a district court has no general jurisdiction to grant, though it has been issued to compel an United States officer to perform certain duties. Wilson v. Bowers (D. C.) 14 F.(2d) 976; Waldo v. Poe (D. C.) 14 F.(2d) 749.

It is settled by a long line of decisions that the courts of the United States have no jurisdiction to consider and decide a suit for a mandamus to compel the discharge of a statutory or other duty, except for the purpose of enforcing their judgments previously rendered. The writ of mandamus in the national court is never an independent suit, as it is in many states and in England, but it is only, "a proceeding ancillary to the judgment which gives the jurisdiction, and when issued becomes a substitute for the ordinary process of execution to enforce the payment of the same, as provided in the contract."

Mandamus was originally a high prerogative writ issuing in the King's name from the King's bench only, commanding the performance of some act or duty or legal obligation, the execution of which the court had previously determined to be consonant with right and justice. It was not like the ordinary proceedings at law, a writ of right; and the court had no jurisdiction to grant it in any case except those in which it was the legal judge of the duty required to be performed. "It was not applicable as a private remedy, for the enforcement of simple common-law rights between individuals. Now it has come to be a writ of right, and in many cases in this and other states it is applicable as a private remedy for the enforcement of a private right. The present suit, under the statutes of this state, is a suit of a civil nature at law, in which the relator, and not the state, is the real party in interest. Issues of law and fact are to be joined, and like proceedings had for the trial of such issues, as in other cases of a civil nature at law." State of Indiana v. Lake Erie & W. R. Co. (C. C.) 85 F. 1, 2.

The case of Gares v. Northwestern National Building Association (C. C.) 55 F. 209, presented the same position. Under the laws of Oregon, a writ of mandamus is a suit of a private nature, at common law, or in equity. When such a suit was removed from the state to the federal court, it fell afoul of that clause of the judiciary act, which seems to deny authority to the United States courts to issue writs of mandamus, except as ancillary to, or in aid of, a pre-existing jurisdiction. See, also, Fuller v. Aylesworth, 75 F. 694, 697, opinion by the Circuit Court of Appeals for the Sixth Circuit, speaking through Judge Taft. Nor does removal make any difference. State of Ohio v. Columbus & Xenia R. Co. (C. C.) 48 F. 626. The rule has been recognized by the Supreme Court of the United States, without exception. Greene County v. Daniel, 102 U. S. 187, 26 L. Ed. 99; Davenport v. Dodge County, 105 U. S. 237, 26 L. Ed. 1018; Rosenbaum v. Bauer, 120 U. S. 450, 7 S. Ct. 633, 30 L. Ed. 743; Smith v. Bourbon County, 127 U. S. 105, 8 S. Ct. 1043, 32 L. Ed. 73; Mystic Mill Co. v. Chicago, St. P., M. & O. R. Co. (C. C.) 132 F. 289.

In Simkins (2d Ed.), the rule is, of course, expounded, and a proceeding for an original writ of mandamus is placed in the same illustrative catalogue as a suit to probate a will, or a suit or proceeding to determine whether property is separate or community. Neither of which is a suit of a civil nature within the removal act.

The case of State of Washington ex rel. City of Seattle v. Pacific Telephone & Telegraph Company et al. (D. C.) 1 F.(2d) 327, is not sufficiently clear to be cited as an authority against the foregoing position. The general rule is also recognized in Barber v. Hetfield (C. C. A.) 4 F.(2d) 245. In that case the late holding in Covington & C. Bridge Company v. Hager, 203 U. S. 109, 27 S. Ct. 24, 51 L. Ed. 111, is cited. It was said there that: "We are of opinion that the court below had no jurisdiction of this action. It has been too frequently decided in this court to require the citation of the cases that the circuit courts of the United States have no jurisdiction in original cases of mandamus, and have only power to issue such writs in aid of their jurisdiction in cases already pending, wherein jurisdiction has been acquired by other means and by other process." Again: "We deem it settled beyond controversy, until Congress shall otherwise provide, that circuit courts of the United States have no power to issue a writ of mandamus in an original action brought for the purpose of securing relief by the writ, and this result is not changed, because the relief sought concerns an alleged right secured by the Constitution of the United States." Fineran et al. v. Bailey (C. C. A.) 2 F.(2d) 363; In re Higdon (D. C.) 269 F. 150.

There seems to have been no act of Congress which has enlarged the jurisdiction of

the United States District Courts in this regard.

This suit must be remanded to the state court.