**STATE OF WASHINGTON ex rel. CITY OF SEATTLE v. OREGON–WASHINGTON R. & NAV. CO. et al.**

**No. 1028.**

District Court, W. D. Washington, N. D.

Sept. 26, 1934.

A. C. Van Soelen, Corp. Counsel, and John E. Sanders, Asst. Corp. Counsel, both of Seattle, Wash., for relator.

F. T. Merritt, of Seattle, Wash., for respondent Oregon-Washington R. & Nav. Co.

Edwin C. Matthias, of Seattle, Wash., for respondent Great Northern Ry. Co.

BOWEN, District Judge.

■ By previous decisions of this court, it is held that the court must look through the form of the proceeding to the substance of it, and, upon the authority of such previous decisions, this action, being in effect to compel specific performance of franchises granted by the city to the respondents, is in its nature an action to compel the specific performance of contracts of the respondents to construct bridges, viaducts, and grades in accordance with the terms of franchises granted by the city and accepted by the respondents. State of Washington v. Tacoma Ry. & Power Co. (C. C.) 244 F. 989; State of Washington v. Pacific Telephone & Telegraph Co. (D. C.) 1 F.(2d) 327. The foregoing is true, notwithstanding the fact that the relator's pleading is denominated an affidavit for alternative writ of mandamus under the Code of the state of Washington.

■ The pleadings do not disclose any attempt by the relator city to enforce a public or police duty as such owing by the respondents to the public. Though the contracts in question are between the relator city and respondent public service corporations, the contracts in their nature and as to the rights and duties of the contracting parties are as much private contracts as if they were between private individuals. Likewise, in respect to equitable relief for specific performance, the contracts must be governed by the same rules which apply to contracts between private individuals.

■ A court of equity will not decree specific performance of a contract where plaintiff has an adequate remedy at law nor where, in doing so, the equity court would have to supervise details of performance over a long period of time. Neither will equity compel the defendant to do a useless thing, as where both plaintiff and defendant have some parts to perform in the contract sought to be specifically enforced and it is not certain that the plaintiff himself would be able or willing to perform his part. Equity is, also, in the absence of part performance by the defendant, loath to decree a specific performance where the facilities to be used in performance are not peculiarly within the control of the defendant and where it is as convenient for the plaintiff to perform as it is for the defendant to do so. Tennessee Electric Power Co. v. White County (C. C. A.) 52 F.(2d) 1065; Pantages v. Grauman (C. C. A.) 191 F. 317; Pomeroy, Specific Performance (3d Ed.) § 23; Cahalan Inv. Co. v. Yakima Cent. Heating Co., 113 Wash. 70, 193 P. 210.

■ In this case relator has an adequate remedy at law, as it could, being accustomed to construct similar structures, do this construction work itself and sue the respondents at law for damages. In fact, the relator has offered to perform the obligation of the respondents for a stated consideration. The record does not show that respondents are better equipped to perform the contracts than the relator is; nor does it show that the land on which the structures are to be built is within the exclusive possession of the respondents, as was the case in Ferguson v. Omaha & S. W. R. Co. (C. C. A.) 227 F. 513; nor that the structures have already been partially built by the respondents, as was the case in Board of Com'rs of Mattamuskeet Drainage Dist. v. A. V. Wills & Sons (D. C.) 236 F. 362; nor that the structures have been improperly built, as was the case in New Orleans, M. & T. R. Co. v. State of Mississippi, 112 U. S. 12, 5 S. Ct. 19, 28 L. Ed. 619; nor that the relator will certainly build its part of the structures, as required by the contracts; nor that the relator could not determine not to construct its part of the structures even after specific performance is ordered on the part of the respondents; nor that the city council of the relator would relieve respondents of the unconstitutional burden added to respondents' obligation caused by the ordinance already enacted, shortening the time for performance by respondents; nor that the obligation of respondents is to permit relator to operate a railroad over the line or by the use of the facilities of the respondents, as was the case in Joy v. St. Louis, 138 U. S. 1, 11 S. Ct. 243, 34 L. Ed. 843, nor that the obligation of the respondents is to furnish a continuing public service at reasonable rates, refusal of which could not be compensated in damages and which could be interpreted and enforced only by a court of equity, such as a telephone service, as was the case in State of Washington v. Pacific Telephone & Telegraph Co. (D. C.) 1 F.(2d) 327.

The record does show that the contracts require the respondents not only to build but to maintain and repair the structures after they are built, and, in view of the fact that the franchises of the respondents are perpetual, there is a compelling inference that the obligation of maintenance and repair would be for the life of the contracts, that is, perpetual. This might involve the equity court in perpetual supervision of performance.

There are other reasons and authorities not herein mentioned which the court considers pertinent, but those noted above conclusively resolve the question now before the court in favor of the respondents and against the relator. Relator has not shown a right to specific performance under the authorities. While it appears that the relator has an adequate remedy at law for damages, yet, in view of the fact that the contracts are separate as to each of the respondents and that neither of the contracts is common as to both of the respondents on the one side and the relator on the other, the relator could not prosecute this action at law even if it were transferred to the law side of the court.

The motion of the respondents for an order of dismissal of this action, therefore, must be and is granted. Counsel may propose an appropriate order.