**McCARTHY et al. v. WATT et al.**
Civ. A. No. 8029.

United States District Court
D. Massachusetts.

March 23, 1950.

Joseph F. Dolan, Boston, Mass., for plaintiffs.

H. G. Morison, Asst. Atty. Gen., Edward H. Hickey, Sp. Asst. to the Atty. Gen., Eugene T. Maher, Atty., Dept. of Justice, Washington, D. C., Harry Bergson, Jr., U. S. Atty., Boston, Mass., for defendants.

McCARTHY, District Judge.

This is an action by plaintiffs who are veterans of wartime service in the armed forces of the United States and now civilian employees of the Navy Department in the United States Naval Shipyard at Boston, against the Commander of the Yard, Captain Richard M. Watt, Jr., who was substituted by amendment on December 9, 1949, for Admiral Wesley McLaren Hague, his predecessor in office, as a party defendant, and other higher officials of the Navy Yard. The action is brought on the plaintiffs' own behalf, and on behalf of all other similarly situated members of the Federal Employees Veterans Association who may come in and join as parties plaintiff to this action.

It is alleged in the complaint that the plaintiffs enjoy permanent civil service status with efficiency ratings of "good", and

that the defendants have, in accordance with a post-war reduction in labor force program, demoted the plaintiffs from certain supervisory positions in the Navy Yard to inferior positions while retaining non-veterans in "said supervisory positions". The plaintiffs appealed their respective "reductions in rank, grade and salary" to the Civil Service Commission which body ruled adversely to the claims of the plaintiffs in each case.

The plaintiffs contend that the defendants' action contravenes the terms of § 4 of the Act of August 23, 1912, 37 Stat. 413, as amended in the Act of February 28, 1916, 5 U.S.C.A. § 648, which provides that no honorably discharged veteran employed in the executive departments having a rating of "good" shall be "discharged or dropped or reduced in rank or salary" and which was extended to the federal service generally by the Executive Order No. 3801 of March 3, 1923; the plaintiffs also invoke § 12 of the Veterans' Preference Act of 1944, 58 Stat. 390, 5 U.S.C.A. § 861. The cause of action is denominated "Suit for a Preliminary Mandatory Injunction and for a Permanent Mandatory Injunction to Require the Defendants to Restore the Plaintiffs to Positions in the Boston Naval Shipyard, and for Other Relief." The relief sought is primarily the restoration of each plaintiff "to the supervisory position from which he was illegally demoted".

Subsequent to the filing of the complaint, the plaintiffs were allowed to amend that pleading by including therein an additional prayer "that the court in accordance with provision of Title 28, (new) Section 2201, declare the rights and other legal relations of the interested parties arising by virtue of the controversy herein".

The defendants move in the alternative to dismiss the complaint or for summary judgment. The grounds for the motion to dismiss are (1) that this is an action in the nature of an original action for a writ of mandamus over which this court has no jurisdiction, (2) that this is a suit against the United States to which it has not consented, (3) that the amount in controversy as to each plaintiff in this action does not equal or exceed $3,000; and (4) that the complaint fails to state a claim upon which this Court can grant any relief.

■ I am of the opinion that the motion to dismiss should be granted on the first ground hereinbefore stated.

■ Insofar as the plaintiffs' complaint seeks a mandatory injunction, this court is without jurisdiction. A mandatory injunction is in effect equivalent to a writ of mandamus and should be governed by like considerations. Miguel v. McCarl, 291 U.S. 442, 54 S.Ct. 465, 78 L.Ed. 901; Branham v. Langley, 4 Cir., 139 F.2d 115. As to mandamus, district courts (at least outside of the District of Columbia) have no original jurisdiction to issue such writ or orders in the nature of such writ in the absence of special statutory authority. They may issue such writ only in aid of their jurisdiction in cases where such jurisdiction has already been acquired on other grounds. Rule 81(b), Federal Rules of Civil Procedure, 28 U.S.C.A.; 28 U.S.C.A. § 1651; Insular Police Commission v. Lopez, 1 Cir., 160 F.2d 673, 677, and cases cited therein; Petrowski v. Nutt, 9 Cir., 161 F.2d 938.

■ Viewing the plaintiffs' prayer for a declaratory judgment of their rights, again the court lacks jurisdiction of the cause. The Federal Declaratory Judgments Act, 28 U.S.C.A. § 2201, formerly 28 U.S.C.A. § 400, confers no additional jurisdiction on the district courts but merely adds a new procedural device. Atlantic Meat Co. v. Reconstruction Finance Corp., 1 Cir., 166 F.2d 51; Ambassade Realty Corp. v. Winkler, D.C.Mass., 83 F.Supp. 227. It allows a declaration of rights and other legal relations only in a case of actual controversy *within the jurisdiction* of the United States courts. 28 U.S.C.A. § 2201. In essence this is a petition for a writ of mandamus and, as demonstrated above, not within the original jurisdiction of the district courts. Therefore this complaint, if viewed as asking for a declaratory judgment, must be dismissed. In reaching this conclusion I have noted that the District Court for the District of Oregon has arrived at the same result in Palmer v.

Walsh, D.C., 78 F.Supp. 64, opinion[1] by District Judge Driver. See Kohlman v. Smith, D.C., 71 F.Supp. 73. Lacking jurisdiction of this suit for direct relief, the court did not acquire jurisdiction, by virtue of the declaratory judgment statute, to give, indirectly, relief which it could not give directly. Southern Pac. Co. v. McAdoo, 9 Cir., 82 F.2d 121, and cases cited.

The plaintiffs urge that Hilton v. Sullivan, 334 U.S. 323, 68 S.Ct. 1020, 92 L.Ed. 1416, is dispositive in their favor of this latter question. It is true, as the plaintiffs state in their brief, "that the suit in the Hilton case was brought in the form of the nature of an action for a declaratory judgment and that the Supreme Court took full and complete jurisdiction in the matter". But I am unable to follow the briefed contention that "there is no difference between the Hilton case and this case except the Hilton case was brought by a nonveteran". The Hilton case was an action commenced (sub nomine Hilton v. Forrestal) in the District Court of the United States for the District of Columbia. But the district courts of that District, "in addition to being Federal courts, are also charged with enforcement of the domestic law, and by the Act of 1801, 2 Stat. 103, creating them, they inherited jurisdiction in accordance with the laws of the State of Maryland then existing in the ceded area, which includes jurisdiction to issue writs of mandamus in original proceedings. See 34 Am.Jur., Mandamus, Sec. 18." Petrowski v. Nutt, 9 Cir., 161 F.2d 938, 939. Having original jurisdiction to issue writs of mandamus, it follows that those courts have the power to grant a declaratory judgment that a plaintiff is entitled to such a writ in a proper case.

Nor do I find anything in Wettre v. Hague, 1 Cir., 168 F.2d 825, in conflict with the conclusions which I have here reached. Wettre and the other plaintiffs in that action sought to restrain the commandant of the Navy Yard and others from proceeding with plans for reducing or demoting them from their supervisory positions. No ac-

tual demotion had taken place and no writ of mandamus or order in the nature of mandamus was sought.

The complaint is dismissed for lack of jurisdiction.

1. Characterized as "excellent" in Hopkins v. Wallin, 3 Cir., 179 F.2d 136.