Laramore, Judge,
delivered the opinion of the court:
Plaintiff sues for back pay alleged to be due him based on his contention that his dismissal was illegal.
The facts are these: On October 26, 1948 plaintiff was given a probational appointment as an Industrial Engineer, grade P-5, at a salary of $6,235.20 per annum, at the Naval Air Station, Quonset Point, Rhode Island. He performed his duties in a satisfactory manner until October 31, 1950, at which time he received a notification from the Civil Service *19 Commission’s First Eegional Director that it was proposed to separate him from the service because of falsification and gross exaggeration in regard to his employment history. The notification informed him therefore that he had obtained his position through falsification and fraud and that he would not have obtained his position had the truth been known. Accordingly, plaintiff was separated from his position in 1951.
Plaintiff appealed and on June 22, 1951 the Board of Appeals and Eeview of the Civil Service Commission rendered a final decision affirming the separation. The decision, while affirming the separation, removed the bar of future employment. This was done because his services were currently needed by the Naval Air Station because of his involvement in a ] et building program. Consequently, the air station was permitted to and did give him an indefinite appointment on July 9, 1951 as an Industrial Engineer, grade GS-12.
On June 24, 1952, plaintiff was given notification of proposed separation effective July 24, 1952. The notice of proposed separation reads as follows:
NOTIFICATION OF PROPOSED SEPARATION
Commanding Officer
NA43/03/P19
JEG: jmo
24 June 1952
From: Commanding Officer
To: Mr. George A. Eoitman, [sic] Industrial Engineer, GS-12, Overhaul and Eepair Department
Via: Overhaul and Eepair Officer
Subi: Notice of proposed separation (disqualification)
Eef: (a) NCPI 210.7
(b) NCPI 45.5-3
(c) UnderSecNav Eestricted Cir Ltr CPL &D-50-171 of 23 Oct 1950
1. In accordance with the provisions of references (a) and (b) you are hereby informed that this letter constitutes an advance 30-day notice of the fact that it is proposed to separate you from employment at this station for reasons of disqualification. The beginning date of this 30-day advance notice of proposed separation is 25 June 1952 and the ending date is 24 July 1952, on which date it is proposed that your separation will become effective.
*20 2. This proposed adverse action is based upon the charge of disqualification. Specifically and in detail, this charge is based upon the following facts. ' On 31 October 1950, the Eegional Director of the First U.S. Civil Service Eegion instructed the Commanding Officer to terminate your services based upon the determination that you obtained your position at this station through falsification and fraud, a position that you would not have obtained had complete information been available at the time you filed application for your position. The Civil Service Commission’s Board of Appeals and Eeview affirmed the First Eegion’s action which required your removal from your probational appointment. You were removed from your probational appointment of Industrial Engineer, GS-12, on 6 July 1951, and reemployed in the same position under an indefinite appointment on 9 July 1951 because of a continuing urgent need for your services by virtue of your involvement in the Jet Building program. Such action at that time was considered in the best interests of the service. During your subsequent employment at this station, your services have been utilized to a decreasing degree of effectiveness because of the limitations necessarily placed on your assignments to sensitive duties by reference (c). The Industrial Management Office of the Overhaul and Eepair Department has reached the climax of demand where the services of its personnel must be available for unlimited and unrestricted assignments. Consequently, with the limitations existing on your services, this command is prevented from assigning you work commensurate with operational demands. The restriction thus placed on the type and nature of duties which may be assigned to you disqualify you for the execution of the full scope of duties of your position, thereby disqualifying you for continued employment. It is considered that this proposed separation is warranted and justified, and will promote the efficiency of the service.
3. You are hereby advised of your right to answer this notification of proposed adverse action both personally and in writing, and of your right to furnish affidavits. These rights may be exercised by you at any time within the first ten (10) days of this 30-day period of notice, and not later than 4 July 1952.
4. You will be granted a hearing by the Executive Officer as the representative of the Commanding Officer, at which time you may be represented by some person of your choice, and at which you may present witnesses having direct knowledge of the circumstances resulting *21 in this proposed adverse action. If such hearing is desired, your request for such must be received within the first ten (10) days of this 30-day period of notice.
5. During the period of this 30-day notice you will be carried in an active duty status.
C. S. Smiley.
On October 17, 1952 the Under Secretary of the Navy wrote plaintiff as follows:
After a complete review of the record in your case, it is the opinion of the Under Secretary that the action taken was fully justified. Accordingly, your appeal is denied.
Plaintiff alleges various appeals to the Navy, Congress, and to the President of the United States. However, none of these appeals are alleged or shown to be pursuant to any statutory authority or administrative regulations, and consequently were not a prerequisite to the assertion of plaintiff’s rights in this court. This is also true as to plaintiff’s alleged “final denial of appeal” by the Department of the Navy on August 10,1956 and “* * * a communication from the United States Senate Committee on Post Office and Civil Service * * *.”
On September 17,1953 plaintiff, by his attorneys Burke & Sesnovich of Boston, .Massachusetts, instituted a suit in the U.S. District Court for the District of Massachusetts, Civil Action No. 53-910, against William A. Foley, Regional Director, First U.S. Civil Service Region, Boston, Massachusetts. The petition as filed in the District Court is as follows:
1. The petitioner was appointed on October 26th, 1948 on a probational basis as Industrial Engineer P 5 in the overhaul and Repair Department, United States Naval Air Station, Quonsett Point [sic], Rhode Island. That said appointment became permanent on October 26th, 1949.
2. That on October 31st, 1950 the petitioner was notified by the respondent that his services were to be terminated December 13th, 1950. The petitioner separated from this position July 6th, 1951.
3. That the petitioner duly filed his appeal on November 15th, 1950 with the United States Civil Service Commission, First District, Boston, Massachusetts. That to date the petitioner has not had a. hearing or decision in connection with said appeal.
*22 WheRepoee the petitioner prays:
1. That the petitioner be reinstated in the position of Industrial Engineer P 5, permanent, in the Overhaul and Repair Department, United States Naval Air Station, Quonsett Point [sic], Rhode Island, and that he be reimbursed for any and all loss of salary.
On July 14, 1954 the District Court granted a motion to dismiss. The opinion of the District Court is as follows:
McCarthy, D. J.
This cause came on to be heard on the defendant’s motion to dismiss the complaint. The plaintiff alleges that he was appointed in October of 1948 as an industrial engineer in the Overhaul and Repair Department of the Quonset Point Naval Air Station on a probational basis, and that the appointment became permanent a year later.
In October of 1950, says the complainant, he was notified by the defendant that his services would be terminated on December 13th. On November 15th of that year, he filed an appeal with the Civil Service Commission but has not had a hearing to date, and was separated from the service in July of 1951.
He petitions this court for reinstatement, and for “reimbursement for any and all loss of salary”.
The motion to dismiss the complaint must be allowed. Insofar as the plaintiff seeks an order for reinstatement, the relief sought is in the nature of mandamus, and this court is without jurisdiction to grant such relief. Marshall v. Crotty, 1 Cir., 185 F. 2d 622. McCarthy v. Watt, D/C Mass., 89 F. Supp. 841, 842.
The court is also without jurisdiction to entertain the plaintiff's claim for loss of salary, by virtue of Title 28, U.S.C.A. § 1346(d) (2), as amended October 31, 1951, c. 655, § 50 (b), 65 Stat. 727..
The complaint is dismissed. [Italics supplied.]
Subsequent to plaintiff’s separation the Navy paid other employees to perform the duties to which plaintiff would have been assigned had he been reinstated.
The petition in the instant case demands judgment in the amount of $44,640 as salary from July 1952 to July 1958.
Both defendant and plaintiff have filed motions for summary judgment.
Defendant bases its motion on two grounds. First, that plaintiff’s delay in instituting suit from October 17, 1952, when his appeal was denied by the Under Secretary of the *23 Navy, until July 7, 1958, constitutes laches. Secondly, that the petition does not allege or show that plaintiff’s separation on July 24, 1952 from his indefinite appointment was pro-cédurally defective or the result of any administrative conduct which this court would review.
Looking first to defendant’s second ground for dismissal, it'is apparent that plaintiff in his petition alleges no procedural defects in his separation. Nor does plaintiff show or attempt to show by affidavit or exhibit that his separation was procedurally defective.
This court, in cases too numerous to mention, has repeatedly held that absent procedural defects or absent arbitrary action, it will, not review administrative action of Government officials in separating employees from their Civil Service position.
Since no procedural defect is present here, we look to the question of arbitrary action. Again we find no direct allegation or proof of arbitrary action on the part of the Navy in separating plaintiff. Quite to the contrary, everything done by the Navy in accomplishing plaintiff’s separation was in accordance with law and regulations. He was granted all rights of appeal under law and regulations. His separation was affirmed on appeal. As a matter of fact, the Board of Appeals and Review of the Civil Service Commission was very generous with plaintiff when it removed the bar of future employment even though it was not obligated só to do. The removal of the bar permitted plaintiff’s reappointment on July 9, 1951 and permitted plaintiff to work until he was finally separated on July 24, 1952. Here again we can find no arbitrary action in this separation. The notification of proposed separation informed plaintiff that his effectiveness was decreased because of limitations placed on his assignment to sensitive duties. ■ This limitation was a result of his disqualification by the Civil Service Commission in October 1950. The clearance was never restored and certainly the Navy was within its rights in not permitting an employee to work without such a clearance. In respect to the above, plaintiff was again granted all statutory and regulatory rights of appeal.
*24 Plaintiff places reliance on this court’s decision in Karpoff v. United States, 142 C. Cls. 93. The facts in the Karpoff case are easily distinguished from the facts in the instant case. In Karpoff the Civil Service Commission investigated, found plaintiff not suitable, and directed his suspension. Later, further investigation and review disclosed it was wrong; i,e., that plaintiff was not disqualified for employment. The Civil Service Commission then reversed the case but only lifted the bar to future employment. In the instant case the Civil Service Commission affirmed the separation and at no time found that plaintiff should be reinstated. The only action it took was to say that no objection will be interposed to Ms reemployment. Thus plaintiff’s separation was still in effect.
Although from the facts in this case it is quite apparent that plaintiff’s delay in filing suit constitutes laches, in the light of the foregoing it is unnecessary to discuss this point.
Since no procedural defect or arbitrary action is alleged or shown, this court will not review the administrative action involved in plaintiff’s separation.
Plaintiff’s motion for summary judgment is denied, defendant’s motion is granted, and the petition is dismissed.
It is so ordered.
Barksdale, District Judge, sitting by designation; Madden, Judge; Whitaker, Judge, and Jones, Chief Judge, concur.