Knute J. JOHNSON, Marlin G. Luze, Harold Neuman, Robert E. Johnson, Ernest G. Sundvald, Lewis Hoyt, Donald K. Brink, Ernest C. Hall, Alvin Houg, Seivert Dammer, Warren M. Whipkey, Clifford Hegge, Dan Finch, Ralph Jones and T. R. Abbadusky, Plaintiffs,

v.

INTERSTATE POWER COMPANY, a Corporation, Defendant.

Civ. No. 1240.

United States District Court
D. South Dakota, S. D.

Sept. 23, 1960.

---

16. Defendant's reason No. 15 misstates the record.

17. See United States v. Kemmel, D.C.M. D.Pa.1958, 160 F.Supp. 718.

Peder K. Ecker, of Dana, Golden, Moore & Rasmussen, Sioux Falls, S. D., for plaintiffs.

Robert W. Bergstrom, of Springer & Bergstrom, Chicago, Ill., and R. G. May, of Stordahl, May & Boe, Sioux Falls, S. D., for defendant.

MICKELSON, Chief Judge.

Plaintiffs are residents of the unincorporated community of Brandon, Minnehaha County, South Dakota, and receive their electrical service from the defendant Interstate Power Company. No longer desiring Interstate's service and Interstate not complying with their request for disconnection, plaintiffs

sought a writ of mandamus in the Circuit Court for the Second Judicial Circuit of the State of South Dakota, to compel Interstate to disconnect any and all electrical service and lines to the real property of the plaintiffs. Plaintiffs' petition for the writ was filed in the state court on August 3, 1960, and on that same date an alternative writ was issued and hearing set for August 16, 1960, to determine the entry of a peremptory writ of mandamus.

Prior to the hearing in state court, Interstate caused the action to be removed to this court. The matter now before us concerns plaintiffs' motion to remand the cause to state court.

Plaintiffs admit there is diversity of citizenship, but contend the cause must be remanded on two grounds: (1) that this court has no jurisdiction in an original mandamus proceeding such as this; and (2) that the amount in controversy does not meet the jurisdictional requirements.

In regard to plaintiffs' first ground, Interstate admits this court has no jurisdiction in an original mandamus proceeding, but urges that this action, though labelled mandamus by the plaintiffs, is in reality one for a mandatory injunction; that the substance of the relief sought and not the form should control and that this court should determine it to be in effect a prayer for a mandatory injunction, which it would have jurisdiction to grant. As to the challenge of the jurisdictional amount, Interstate has introduced affidavits and called witnesses to show that Interstate's assets in serving the Brandon area represent an investment in excess of $132,-500. Further, that the revenues received from these plaintiffs from January 1, 1959, to the time of the commencement of this action totalled $5,399.10.

Since this motion can be disposed of on the first ground urged for remand, that is, that this court lacks jurisdiction to grant a writ of mandamus, the court will not discuss the merits of opposing contentions in regard to the question of jurisdictional amount.

■ Interstate admits and there is no dispute that a federal district court lacks jurisdiction to issue a writ of mandamus in an original proceeding.

"In the absence of some constitutional or statutory provision enabling them to do so, lower Federal courts have no original jurisdiction to issue mandamus. * * * By act of Congress, lower Federal courts have jurisdiction of suits of a civil nature at common law or in equity, but a proceeding for mandamus is not a civil suit of such character so as to entitle the Federal court to assume original jurisdiction of it, or jurisdiction on removal from a state court." 34 Am.Jur. Mandamus, Sec. 17, 817.

Among cases cited in support of this rule are Rosenbaum v. Bauer, 1887, 120 U.S. 450, 7 S.Ct. 633, 30 L.Ed. 743, and Covington & Cincinnati Bridge Co. v. Hager, 1906, 203 U.S. 109, 27 S.Ct. 24, 51 L.Ed. 111.

■ However, this court will look through the form of the action to the substance to determine the true nature of the relief sought. Though brought as a mandamus proceeding, if the action in fact sets forth a cause for equitable relief, this court would not be barred by the name of the action and would have jurisdiction. Santa Margarita Mut. W. Co. v. State Water Rights Bd., D.C.S.D.Cal.1958, 165 F.Supp. 870; State of Washington ex rel. City of Seattle v. Pacific Tel. & Tel. Co., D.C.W.D.Wash.1924, 1 F.2d 327. Similarly, a federal district court has jurisdiction of an action that is in essence for recovery of a money judgment, though the action was brought under a statute authorizing the use of mandamus for the recovery of money due for oil. State of Louisiana ex rel. Glassell v. Shell Petroleum Corporation, D.C.W.D.La.1937, 20 F.Supp. 795.

Counsel for Interstate insist that the relief prayed for in this cause is actually a mandatory injunction; that it is man-

damus in form only; and since in substance a prayer for a mandatory injunction, this court has jurisdiction and the cause was properly removed.

It becomes necessary to examine mandatory injunction and writ of mandamus to determine in what respects they are similar and in what respects they differ.

■ A mandatory injunction is similar to mandamus in all essential respects. The distinguishing characteristic of each is that it compels performance of some positive act by the person to whom issued. This is in distinction to the true injunction which restrains or prohibits the defendant from doing some act or committing some threatened violation. In only two ways can mandamus and mandatory injunction be distinguished.

The authorities tell us that mandamus is a legal proceeding, while injunction, of course, is equitable. 43 C.J.S. Injunctions § 9. This distinction that mandamus is a legal proceeding while injunction lies in equity is an illusory one and offers no assistance in determining whether an action brought to compel performance of some act is mandamus or mandatory injunction. The only practical application apparent in this distinction appears to have been in determining whether the action should have been placed on the law calendar or the equity calendar when the two jurisdictions were separate and distinct.

The other distinction deals with the character of the person against whom the writ or decree is directed. This distinction is apparent from a line of cases cited by plaintiffs' counsel and distinguished by counsel for defendant. Plaintiffs cite Updegraff v. Talbott, 4 Cir., 1955, 221 F.2d 342; Deglau v. Franke, D.C.D.R.I.1960, 184 F.Supp. 225; People of United States ex rel. Barmore v. Miles, D.C.W.D.Mich.1959, 177 F.Supp. 172; McCarthy v. Watt, D.C.D. Mass.1950, 89 F.Supp. 841, and New York Technical Institute of Maryland v. Limburg, D.C.D.Md.1949, 87 F.Supp. 308, in urging that a federal district court is without jurisdiction to grant a mandatory injunction, since such an injunction is in effect a mandamus and bound by the same considerations.

■ However, a federal district court is not always without jurisdiction to grant a mandatory injunction. On the contrary, a federal district court, in exercising its general equity jurisdiction, has an inherent power to grant mandatory injunctions. Ramsburg v. American Investment Company of Illinois, 7 Cir., 1956, 231 F.2d 333; Bowles v. Skaggs, 6 Cir., 1945, 151 F.2d 817; In re Lennon, 1897, 166 U.S. 548, 17 S. Ct. 658, 41 L.Ed. 1110. The only mandatory injunction a federal district court is without jurisdiction to grant is one which is in effect mandamus. An examination of the cases wherein it was held the mandatory injunction sought was in effect mandamus and therefore not within the jurisdiction of the federal district court, discloses in each instance that the mandatory injunction was sought to compel a public official to perform some duty. This would suggest that a "true" mandamus proceeding is one directed to some public official; that mandamus and mandatory injunction can be further distinguished in that though both provide affirmative relief, mandamus is directed only to a public official. Supporting this conclusion is McNulty v. National Mediation Board, D.C.N.D.N.Y. 1936, 18 F.Supp. 494, 504, wherein it was said: "A mandatory injunction is like a mandamus in all essential respects, though the latter is directed to a public officer to compel him to perform an administrative act as to which he has no discretion."

This distinction is valid if the concept of the "true" mandamus proceeding is expanded somewhat. Relief by mandamus has never been confined to use only when directed to a public official. Relief by mandamus is a proper remedy by a stockholder to compel inspection of the corporation's books. Seufert v. Commercial Nat. Bank in Shreveport, La., D.C. W.D.La.1935, 16 F.Supp. 871; State of Washington ex rel. Ellis v. General Fruit Corporation, D.C.W.D.Wash.1933, 4 F.

Supp. 541; Greenough v. Independence Lead Mines Co., D.C.D.Idaho 1930, 45 F.2d 659. In each of these cases it was held the action for mandamus to compel the inspection was not removable to federal court since there was no jurisdiction in the federal court to grant a writ of mandamus.

Mandamus is also the proper remedy to compel a corporation to post its bylaws. Boardman v. Marshalltown Grocery Co., 1898, 105 Iowa 445, 75 N.W. 343.

 Compelling performance of some duty by public utilities, including power companies, has traditionally been by a writ of mandamus. Mandamus is a proper remedy to compel a telephone company or an electrical power company to provide service to a consumer. Choctaw Electrical Co-op. v. Redman, Okl. 1956, 293 P.2d 564; State ex rel. Mason v. Consumers' Power Co., 1912, 119 Minn. 225, 137 N.W. 1104, 41 L.R.A.,N. S., 1181; Huffman v. Marcy Mut. Telephone Co., 1909, 143 Iowa 590, 121 N.W. 1033, 23 L.R.A.,N.S., 1010; State v. Nebraska Telephone Co., 1885, 17 Neb. 126, 22 N.W. 237. It would thus appear that the "true" mandamus proceeding is not confined to an action directed to public officials, but also lies against corporations as well as utilities affected with a public interest.

Counsel for Interstate urge that the only true mandamus proceeding is one directed to a public official, board or tribunal; that when mandatory relief is sought against another class of defendant, the action, as here, is in effect one for a mandatory injunction of which the federal court has jurisdiction. Interstate cites numerous cases, contending they hold that an action, though brought as mandamus, was in effect an action for a mandatory injunction and removable to a federal district court. An examination of these cases, however, discloses no instance wherein a prayer for a writ of mandamus was held to be in effect one for a mandatory injunction and removable on that basis. Rather,

the relief sought was held to be in effect for specific performance of a contract when the proceeding was brought against a public utility to compel it to perform some condition of a franchise. State of Washington ex rel. City of Seattle v. Oregon-Washington R. & Nav. Co., D.C.W.D.Wash.1934, 8 F.Supp. 98; State of Washington ex rel. City of Seattle v. Pacific Telephone & Telegraph Co., D.C.W.D.Wash.1924, 1 F.2d 327; State of Washington ex rel. Markham v. Seattle & R. V. Ry. Co., D.C.W.D.Wash. 1924, 1 F.2d 605; State of Washington v. Tacoma Ry. & Power Co., C.C.W.D. Wash.1910, 244 F. 989. In State of Washington ex rel. Markham v. Seattle & R. V. Ry. Co., D.C.W.D.Wash.1924, 2 F.2d 264, though there is talk of an injunction to abate a nuisance, the duty sought to be compelled was one required by the terms of a franchise and it was held to be an action, in essence, for specific performance of a contract.

Interstate relies heavily on North Carolina Public Service Co. v. Southern P. Co., 4 Cir., 1922, 282 F. 837, 33 A.L.R. 626, as being a case wherein the Court of Appeals for the Fourth Circuit held an action to compel a power company to continue to furnish electric current was in effect an action for a mandatory injunction, not for mandamus, and was thus removable to a federal court. Counsel urge that this case is "remarkably similar" to the cause before this court. We acknowledge the similarity, but also note the striking distinction that was made by the court in that case. The court did not hold the relief sought was in essence a mandatory injunction and the case removable on that basis. Rather, the court very carefully identified the relief sought as being truly injunctive; that is, to restrain a threatened violation of a duty in distinguishing it from mandamus. Since the defendant had not yet cut off the power but had merely threatened to do so, the court held that injunction was the proper remedy, since the plaintiff sought to enjoin a threatened violation. When the relief sought is held to be truly injunctive, that is, to

restrain or prohibit a threatened violation, it is easily distinguishable from mandamus, just as it would be distinguishable from a mandatory injunction, since both of the latter are to compel performance of a plain and positive duty. An examination of other cases involving the question of removability to federal court when the action brought in state court was for writ of mandamus reveals that it is not only mandamus against a public official that is a "true" mandamus and not removable, but that mandamus directed to other classes of defendants is likewise not removable. See Mystic Milling Co. v. Chicago, M. & St. P. Ry. Co., C.C.N.D.Iowa 1904, 132 F. 289; Kelly v. Grand Circle, Women of Woodcraft, C.C.E.D.Wash.1904, 129 F. 830; Seufert v. Commercial Nat. Bank in Shreveport, La., D.C.W.D.La.1935, 16 F. Supp. 871; Consumers' Lignite Co. v. Lumberman's Mut. Casualty Co., D.C. N.D.Tex.1934, 5 F.Supp. 794; State of Washington v. Puget Sound Traction, Light & Power Co., D.C.W.D.Wash.1917, 243 F. 748.

 The contention of Interstate that this proceeding brought by these Brandon residents in effect seeks relief by way of mandatory injunction is not wholly without merit. Relief by way of mandatory injunction could accomplish the same result, that is, to compel the defendant to disconnect its electrical service and to remove its lines from the real property of plaintiffs. However, we are of the opinion that a writ of mandamus is also a proper remedy, and since the proceeding is one against a utility affected with a public interest, it is in the nature of the "true" writ of mandamus and distinguishable from a mandatory injunction.

 There can be little doubt that mandamus is a proper remedy in this case under South Dakota law. SDC 37.4501 provides:

"The writ of mandamus may be issued by the Supreme and Circuit Courts, to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station * * * ."

This is a codification of the common law description of mandamus. Under this description, mandamus has been held to be a proper remedy to compel a telephone or electrical power company to provide a consumer with service. Choctaw Electrical Co-op. v. Redman; State ex rel. Mason v. Consumers' Power Co.; Huffman v. Marcy Mut. Telephone Co.; and State v. Nebraska Telephone Co., supra. Mandamus is thus a proper remedy to compel a power company to discontinue providing service when the consumers no longer desire it and the company has no exclusive right to provide such service. Further, here, plaintiffs' cause is based on a property right, and the South Dakota Supreme Court has stated that mandamus is a proper remedy to protect a property right. Simonsen v. History Club, 1929, 55 S.D. 534, 226 N.W. 750. SDC 37.4501 further provides that mandamus lies:

"* * * (T)o compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board, or person."

If this proceeding for mandamus does not lie under the earlier quoted language of the South Dakota Code, it certainly does under this latter provision.

If this court had any doubt as to its conclusions in this case, we are impressed with the language of the District Court for the Western District of Washington in the case of State of Washington v. Puget Sound Traction, Light & Power Co., supra [243 F. 752]:

"I am thoroughly convinced that this is a mandamus proceeding and that this court has not jurisdiction, and, if any doubt did exist, it would be the court's duty to resolve it in favor of the state court which has undoubted jurisdiction."

This cause being properly brought as a proceeding for a writ of mandamus, which clearly this court has no jurisdiction to grant, we are compelled to remand it to the state court wherein it originated, without prejudice to either side in a determination of the cause on *its* merits.

It is so ordered.